J-S08032-24
J-S08033-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| GREGORY LUKASIK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SARAH A. SCOTCHLAS | : | No. 884 MDA 2023 |

Appeal from the Order Entered May 5, 2023
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s):  2021-40676

| | | |
|---|---|---|
| GREGORY LUKASIK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SARAH A. SCOTCHLAS | : | |
| | : | |
| | : | No. 885 MDA 2023 |
| APPEAL OF: BRENDA M. KOBAL, | : | |
| ESQUIRE | : | |

Appeal from the Order Entered May 5, 2023
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s):  2021-40676

BEFORE:   OLSON, J., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:      **FILED: APRIL 16, 2024**

In this cross-appeal, Gregory Lukasik ("Father") and Brenda M. Kobal,

Esq. ("Attorney Kobal"), each appeal from the trial court's May 5, 2023

---

* Former Justice specially assigned to the Superior Court.

amended order that, ***inter alia***, denied the petition filed by Sarah A. Scotchlas ("Mother") to remove Attorney Kobal as guardian ***ad litem*** ("GAL"); removed Attorney Kobal as GAL to avoid the appearance of impropriety because Mother initiated a civil lawsuit against Attorney Kobal; directed Mother to pay counsel fees to Father and Attorney Kobal; and found Mother's then-counsel, Ryan Campbell, Esq. ("Attorney Campbell") in contempt and set a purge condition. After careful review, we reverse the order, in part, to the extent it directs Mother alone to pay counsel fees to Father and Attorney Kobal, and remand this matter for proceedings consistent with this memorandum.[1]

The trial court summarized the relevant facts and procedural history of this case as follows:

> This case was initiated by Father's complaint to establish paternity and for genetic testing for one minor child, G.M.S.[.] Upon [Mother] presenting the minor child for testing, [Father] withdrew [his] complaint to establish paternity. On August 18, 2021, [Father] filed a complaint for custody. On October 12, 2021, the parties appeared before custody master Chester M. Bestrycki for a conciliation conference. At that time the [trial court] issued an order dated October 12, 2021, by agreement of the parties, appointing [Attorney Kobal] as [GAL] for the minor child and establishing periods of custody for [Father].
>
> On November 5, 2021, [Father] filed a petition for emergency special relief and contempt. Based upon

---

[1] We note that Mother also appealed from the trial court's May 5, 2023 amended order, which was docketed at No. 811 MDA 2023. This appeal was ultimately dismissed with prejudice on December 15, 2023 because Mother failed to file a brief.

the allegations raised in the petition, the Honorable Judge Munley issued an emergency order dated November 5, 2021, granting Father temporary sole legal and physical custody of the minor child. By agreement of the parties the Honorable Judge Munley entered an order dated November 22, 2021, granting [Father's] petition for emergency special relief and contempt were held in abeyance, Mother was granted periods of professional supervised custody with the minor child, and the parties were to submit to a comprehensive psychological evaluation which was not based on self-reporting by Dr. Richard Fishbien.

. . . .

On May 11, 2022, [Mother] filed a petition [to remove] the [GAL]. [Mother's] petition was continued upon the request of [Attorney Kobal] to retain counsel.

The [trial court] proceeded with the hearing on [Father's] second emergency petition for special relief and contempt. At the initiation of the hearing the GAL motioned to seal the record for the best interest of the child to prevent future emotional damage due to the nature of the allegations which had been raised by both parties. After no objection by [Mother's] or [Father's] counsel, the Honorable Judge Munley analyzed under the common law approach and cognizant of the Mental Health Procedure Act, determined it was in the best interests of the minor child as well as the privacy of the parties to seal the record. Subsequently an order was issued by the Honorable Judge Munley dated May 13, 2022, sealing the record. Following an evidentiary hearing, the Honorable Judge Munley found Mother in contempt and no sanctions were issued. [Father's] second petition for emergency special relief was denied and [Mother's] periods of supervised visitation with the minor child were reinstated.

On June 13, 2022, the [trial court] heard testimony on [Mother's] petition to remove the GAL. At the conclusion of a full evidentiary hearing, the Honorable Judge Munley denied [Mother's] motion on the record

- 3 -

holding, "And, with regard to the Motion to Remove the Guardian *Ad Litem*, that is denied. The Court found that there was no evidence, in this case, that was biased on the part of the Guardian *Ad Litem*." The Honorable Judge Munley issued memorandum and order dated September 22, 2022, denying [Mother's] first petition to remove the Guardian *ad Litem* as [Mother] did not prove that the Guardian *ad Litem* was acting with bias, ill-will, or prejudice toward her.

The [trial court] began to take testimony on [Father's] amended complaint seeking sole legal and physical custody of the minor child, [Father's] first petition for emergency special relief and contempt[,] and [Father's] first and second petition for special relief. The [trial court] heard testimony from the parties over the period of June 13 and June 14, 2022. The hearing was scheduled to continue September 29, 2022, however [Mother] refused to participate in the hearing and left the courtroom. The Honorable Judge Munley granted Father's relief on a temporary basis and Mother's periods of supervised visitation were suspended. All outstanding petitions were held in abeyance.

On January 26, 2023, Attorney Campbell entered his appearance on behalf of [Mother]. On January 31, 2023, [Attorney Campbell] filed a second motion to remove the GAL [on Mother's behalf]. On February 2, 2023, the GAL filed a motion to dismiss and/or to strike [Mother's] motion to remove [Attorney Kobal] as [GAL]; GAL's motion for a protective order and motion to stay [Mother's] motion to remove [Attorney Kobal] as [GAL;] and to award fee pending resolution of [GAL's] motion to dismiss and/or to strike [Mother's] motion to remove. On February 21, 2023, [Father] filed for a counterclaim for counsel fees. On March 8, 2023, the GAL filed a petition for counsel fees. On April 14, 2023, [Mother] initiated a lawsuit against the GAL at civil docket 2023-CV-1573. The matters were held in abeyance pending oral argument to determine if [Mother's] motion to remove the GAL

> was barred upon the doctrine of **res judicata** and collateral estoppel.

Trial court opinion, 5/5/23 at 1-4 (citations, footnotes, and extraneous capitalization omitted).

On April 18, 2023, the trial court held a hearing on Mother's second petition to remove Attorney Kobal as GAL and Attorney Kobal's and Father's counterclaims for counsel fees. Following this hearing, the trial court entered an amended order on May 5, 2023, denying Mother's petition to remove Attorney Kobal as GAL; removing Attorney Kobal as GAL to avoid the appearance of impropriety because Mother had initiated a civil lawsuit against her; directing Mother to pay $8,950.00 in counsel fees to Father and $10,482.40 in counsel fees to Attorney Kobal; and finding Attorney Campbell in contempt and setting a purge condition. **See** trial court amended order, 5/5/23 at §§ 1-5. The trial court authored a comprehensive opinion in support of its May 5, 2023 order. **See** trial court opinion, 5/5/23 at 5-10.

On June 2, 2023, Mother filed a timely notice of appeal at No. 811 MDA 2023 that was ultimately dismissed with prejudice by this Court after Mother failed to file an appellate brief. On June 16, 2023, Father and Attorney Kobal filed timely cross-appeals, at Nos. 884 MDA 2023 and 885 MDA 2023, respectively.[2]

---

[2] Father, Attorney Kobal, and the trial court have complied with Pa.R.A.P. 1925.

On August 2, 2023, this Court issued an order directing the parties to show cause as to why the appeal from the trial court's May 5, 2023 order should not be quashed as interlocutory. Father responded to the Rule to Show Cause order on August 9, 2023, and Attorney Kobal responded on August 10, 2023. On September 15, 2023, this Court entered an order discharging the Rule to Show Cause order and directing that the appeal shall proceed solely as to the order's award of counsel fees and its findings related to contempt. ***Per curiam order***, 9/15/23 at ¶¶ 3-6; ***see Hanbicki v. Leader***, 294 A.3d 1234, 1239 (Pa.Super. 2023) (holding that an award of counsel fees is a sufficient sanction to render an order final and appealable) (citation omitted).

Father raises the following issue for our review:

> 1. Did the trial court err as a matter of law in ordering [Mother] to pay attorney's fees to [Father] rather than [Attorney Campbell], individually and/or the law firm of Rothenberg and Campbell [(hereinafter "the Law Firm")]?

Father's brief at 4 (No. 884 MDA 2023).

Attorney Kobal indicates that she does not oppose Father's argument and is joining his brief. ***See*** "Letter of [Attorney Kobal] Joining Brief," 1/12/24 (No. 884 MDA 2023).

Similarly, Attorney Kobal raises the following issue for our review:

> 1. Whether the trial court erred by ordering [Mother] to pay [Attorney Kobal's] counsel fees[,] instead of [Attorney Campbell] and/or [the Law Firm][?]

Attorney Kobal's brief at 2 (No. 885 MDA 2023).

- 6 -

Father also indicates that he is joining the argument raised by Attorney Kobal in the above-mentioned matter. **See** "Letter of [Father] Joining Brief," 1/5/24 (No. 885 MDA 2023).

The crux of Father and Attorney Kobal's arguments on appeal is that the trial court abused its discretion in directing Mother to pay Father's and Attorney Kobal's counsel fees. Father's brief at 10; Attorney Kobal's brief at 18. Both Father and Attorney Kobal contend that Attorney Campbell, individually, as well as the Law Firm, should be held responsible for the payment of counsel fees rather than Mother because his frivolous filing of the second petition to remove Attorney Kobal as GAL was done in bad faith and was "dilatory, obdurate, and vexatious." Father's brief at 11, Attorney Kabal's brief at 21. For the following reasons, we agree.

"Our standard of review of an award of counsel fees is well-settled: we will not disturb a trial court's determination absent an abuse of discretion. A trial court has abused its discretion if it failed to follow proper legal principles or misapplied the law." **Moyer v. Leone**, 260 A.3d 245, 252 (Pa.Super. 2021) (citation omitted). This Court has repeatedly recognized that "[t]he relentless pursuit of a claim which plainly lacks legal merit warrants an award of counsel fees." **In re Barnes Foundation**, 74 A.3d 129, 136 (Pa.Super. 2013) (citation omitted), **appeal denied**, 80 A.3d 774 (Pa. 2013), **cert. denied**, 572 U.S. 1116 (2014).

Instantly, the Honorable Trish Corbett of the Lackawanna County Court of Common Pleas set forth the following rationale in support of her decision to order Mother to pay Father's and Attorney Kobal's counsel fees pursuant to 23 Pa.C.S.A. § 5339:

> [Mother's] second petition to remove the [GAL] was filed without legal merit as the allegations in [Mother's] 262-paragraph petition predominantly focused on Attorney Kobal's conduct in previous cases and not the case at hand. The facts which were raised regarding this custody case were previously litigated through a full evidently hearing and denied by the Honorable Judge Munley. [Mother's] pursuit to remove the GAL without the legal merit has risen to the level of vexatious and repetitive. Thus, this Court [finds Father and Attorney Kobal] shall be entitled to legal fees to be paid for by [Mother].

Trial court opinion, 5/5/23 at 7-8.

Upon review, we agree with both Father and Attorney Kobal that the trial court abused its discretion in ordering Mother to bear full responsibility for the payment of their counsel fees, rather than imposing this sanction directly on Attorney Campbell and the Law Firm.

We find this matter is analogous to our Supreme Court's recent decision in *County of Fulton v. Secretary of Commonwealth*, 292 A.3d 974 (Pa. 2023), *cert. denied*, ___ U.S. ___, 144 S.Ct. 283 (2023). In this decision, our Supreme Court remanded this matter for further proceedings to impose counsel fees directly on the attorney representing the opposing party, County of Fulton. *Id.* at 1021. The *County of Fulton* Court reasoned that in

situations where counsel has engaged in dilatory, obdurate, vexatious, and bad-faith conduct, it would be unjust for a client to fully bear the costs:

> In sum, we find that Attorney Carroll, both in tandem with and also independently of his clients, is guilty of relentlessly dilatory, obdurate, vexatious, and bad-faith conduct before this Court and the Special Master, especially, but not exclusively, during these sanction proceedings. Consequently, it would be inequitable that the County alone should bear the Secretary's costs. Attorney Carroll, too, should be sanctioned in the form of joint and several responsibility for the Secretary's counsel fees during the period for which he shares responsibility for the misconduct.

*Id.* at 1018.

In reaching this conclusion, the **Fulton** Court defined the terms "dilatory, obdurate, and vexatious" as follows:

> Vexatious conduct is without reasonable or probable cause or excuse; harassing; annoying. [O]bdurate conduct may be defined in this context as stubbornly persistent in wrongdoing. Conduct is dilatory where the record demonstrates that counsel displayed a lack of diligence that delayed proceedings unnecessarily and caused additional legal work.

*Id.* at 1014 (citations, internal quotation marks, and emphasis omitted).

Likewise, in the instant matter, we find that Attorney Campbell engaged in dilatory, obdurate, vexatious, and bad-faith conduct by filing a 56-page, 262-paragraph second petition to remove Attorney Kobal as GAL on January 31, 2023, less than 9 months after the filing of Mother's first removal petition and while the underlying custody case was already in progress. The record reveals that this second petition had no basis in law or fact and raised no

additional new claims, and was filed by Attorney Campbell with full knowledge that Mother's first petition to remove the GAL was denied by the trial court following an extensive evidentiary hearing.

Based on the foregoing, we reverse the trial court's May 5, 2023 amended order, in part, to the extent it directs Mother to bear full responsibility to pay $8,950.00 in counsel fees to Father and $10,482.40 in counsel fees to Attorney Kobal. We remand this matter for further proceedings to determine Attorney Campbell/the Law Firm's joint and several responsibility for these counsel fees during the period for which they share responsibility for the misconduct.

Order reversed, in part. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/16/2024

- 10 -